DAVID BRADLEY MANUF'G CO. *v.* J. THOMPSON & SONS. Limited.

*(Circuit Court, N. D. Illinois.  December 30, 1889.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—THREE-WHEEL PLOWS.
   Claims 6 and 12 in letters patent No. 353,497, issued November 30, 1886, to the David Bradley Manufacturing Company, covering, in a three-wheel plow, a brace extending from the axle near the land side to the rear end of the plow-beam, and two other braces extending from the arch in the axle to the same point, where the three are pivoted to the beam by a single bolt, are infringed by braces extending from the axle so as to pivot the frame and plow-beam together, and secure the same movement, though none of the braces extend from the arch.

2. SAME—PATENTABILITY—LEVERS.
   The lever described in claims 9 and 10 in such letters patent, which is not attached to but extends under the forward end of the plow-beam, serving to regulate the depth to which the plow can run, and also to raise it out of the ground, and hold it in position for turning and traveling, is patentable, the levers in prior use having been applied to the rear end of the beam, and attached to it.

3. SAME—COMBINATION OF WHEELS AND FRAME.
   Claim 14, for the combination, with a plow-beam and plow, of the carrying wheels, the caster wheel and frame, having a central pivotal or turning point, is not infringed by a plow whose point does not occupy such central or pivotal position.

In Equity.   On bill for infringement of letters patent.
*West & Bond,* for complainant.
*Hill & Dixon,* for defendant.

BLODGETT, J.   This is a bill in equity seeking an injunction and accounting by reason of the alleged infringement of patent No. 353,497, granted November 30, 1886, to complainant, as assignee of John F. Packer, for a "wheel plow."   The patent contains 14 claims, but only the sixth, ninth, tenth, twelfth, and fourteenth claims are in controversy in this cause; the other claims relating to features in the machine not called in question by the bill.

The plow covered by the patent belongs to what have been termed "three-wheel plows," in which carrying wheels are employed, with a caster wheel in the rear, which aids in supporting the plow at the proper depth while plowing, and facilitates the turning of corners or sharp curves, or when it is lifted, for the purpose of traveling from field to field.   The two carrying wheels are mounted upon an axle, the central part of which is formed into a vertical arch, within which the plow-beam is held and guided, and from a point on this axle near the hub of the land-side wheel a brace or rod, E, is extended backward to the rear of the plow-beam, nearly over what, in the ordinary plow structure, would be the standard of the plow, and two other braces or rods, F, F, are also extended backward from the arch to the same point; where the three braces are pivoted to the beam by a single bolt; thereby allowing the plow-beam, or the frame, to be rocked upon the pivot made by this bolt.   A lever for lifting the plow out of the ground, and holding it in that position, is attached to the frame near the arch, forward of the axle, by a hook or arm, which passes beneath the plow-beam, and operates as a limit to prevent the plow from running too deeply into the ground,

and also to raise the plow out of the ground, by lifting the forward end of the beam whenever the lever is actuated for that purpose. The claims in controversy are:

"(6) The combination, with the support, A, A', and plow-beam, I, of the brace-rods, E, F, substantially as and for the purposes specified." "(9) The combination, with a plow-beam and a frame therefor, of a pivotal support for the beam, a lever, and a shaft connected with the lever, and having its acting end beneath and unattached to the plow-beam, and acting on the latter forward of the frame for lifting the latter, and leaving it free, substantially as and for the purposes described. (10) The combination, with a bar or support, A, A', and a plow-beam, I, carried by the bar or support, of a pivotal support for the beam at the rear of the frame, and a lifting rod or arm, K, having its acting end beneath and unattached to the plow-beam, and acting on the beam forward of the frame in an upward direction, substantially as and for the purpose specified." "(12) The rocking or swinging frame, in combination with a plow-beam, and rods, F, extending rearward from the frame, and pivoted to the beam, whereby the frame is rocked by raising or lowering the plow, substantially as specified." "(14) The combination, with a plow-beam, and plow carried thereby, of the carrying wheels, the caster wheel, and the frame having a central pivotal or turning point, said wheels being equidistant from said pivotal or turning point, thereby preventing strain on the frame, substantially as described."

The defenses set up to the infringement charged in this bill are: (1) That defendant does not infringe; (2) that the claims in controversy are void for want of novelty.

The distinctive feature of the structure, so far as the claims in question are concerned, is the attachment of the plow to the frame by these rearward extending braces, which, with the pivot bolt, form a joint between the beam and frame, and the lever arrangement for controlling or limiting the depth at which the plow may be run, and raising it out of the ground, while the hook or rest, extending from the short arm of the lever under the beam, is not attached to the beam, but the beam simply rides upon it. There is no tongue attached to the frame for the purpose of guiding it,—at least, the specifications say that it may be used without a tongue; and the draught upon the plow is secured by hitching the team directly to the end of the plow-beam, the rods or braces, E and F, acting as push-rods to propel the carrying wheels and frame; and the other special feature covered by the fourteenth claim is the arrangement of the parts so that the point of the plow shall be located centrally in regard to the carrying wheels and the spindle of the caster wheel, thereby preventing strain upon the machine in turning.

The defendant's plow is a three-wheel plow,—that is, it contains two carrying wheels and a caster wheel,—and the plow-beam is held within an arch in the axle, and is attached to the frame by braces or rods extending backward from the axle, so as to pivot the frame and the plow-beam together, and secure the same rocking movement between the beam and frame which is obtained by complainant's mode of attaching its plow to the frame.

It is contended, on the part of the defendant, that it does not infringe, because it does not have the rods, F, which are used by the

complainant, and specifically described in the patent; that is to say, the braces used by the defendant do not extend from the arch backward to the plow-beam, but they extend from other portions of the axle. I do not deem this a substantial change in the complainant's form of construction. It is the rear-jointed connection between the plow-beam and the frame, secured by these braces, which gives the distinguishing characteristic to complainant's plow, as it does to the defendant's plow; and it seems to me immaterial, for the purposes of the question of infringement in this case, whether those braces are attached to the frame directly at the same point on the axle to which the patentee saw fit to attach his braces, inasmuch as the braces, wherever attached, perform the same function and secure the same result in the defendant's plow that they perform and secure in the complainant's plow. This particular form of construction is covered by the sixth and twelfth claims, and it seems quite clear to me that the defendant's device for attaching its plow to the frame is substantially the same as that covered by these two claims.

The ninth and tenth claims have reference to the action of the lever, the especial feature of which is that it is so arranged as to lift the forward end of the plow-beam, and thereby run the plow readily out of the ground, and hold it in a safe and convenient position for traveling from field to field, or turning corners; and also that the lever is not attached to the plow, but merely acts upon the under side of the plow, for the purpose of lifting and holding the plow out of the ground, and also acts as a stop limit to the depth at which the plow can run,—the plow being thereby left free to rise or fall with the inequalities of the ground, or as it may meet obstructions, without interference from the lever mechanism. This arrangement of the lever the defendant clearly has in its plow, and, indeed, it was admitted upon the argument that defendant's plow infringed these two claims, and defendant only contested their novelty.

Devices for wheel plows and sulky plows are so numerous that there is very little left that is new in the field for the inventor. Levers to raise the plow out of the ground were old long before this inventor entered the field, but, in most cases, those lifting levers were applied to the rear end of the beam, or past the center of gravity of the plow; so that, whenever the lever was actuated for that purpose, the heel of the plow was raised first, instead of the nose or forward point; and in all the devices which have been cited here in anticipation of the complainant's device, so far as covered by these ninth and tenth claims, the lever has been attached to the plow, so that the movements of the plow were to a certain extent limited and interfered with by the lever and its attachments. The new feature which, it seems to me, this patentee introduced, is causing the hook of the lever to act as a stop upon the beam, to prevent the plow from running deeper than was desirable into the ground, and also to lift the forward end of the plow-beam so as to raise the plow by its point out of the ground, rather than to take it up bodily, or raise it by rearward lifting; and while the patent, so far as these two claims are concerned, may be said to be a narrow one, yet it is clear to me that it was a manifest improvement upon anything which has been cited in the prior art,

and also required the exercise of inventive genius. A large number of prior devices, or wheel plows, and plows with caster wheels, or wheel land-sides, have been introduced in evidence, but I fail to find anything in these devices, and especially in the Meagher & Tower patent of March 10, 1885, or the E. D. Meagher patent of February, 1882, which are mainly relied upon by the defendant, which anticipated either of the features in complainant's plow now in controversy.

The fourteenth claim is predicated upon the assumption that the arrangement of the parts of the complainant's device is such as "to give the plow a support by which the point moves in the arc of a circle through the wheels, and in the arc of a circle in line with the center of the axle, the turning point being a little back of the extreme point of the plow, so that in turning the plow in the ground it will swing without affecting the frame, and will ride on the point, leaving the wheels free to travel around in a true circle, without straining the frame, and to improve generally the construction and operation of the machine as a whole." Without discussing the question as to what limits must be put upon this claim by reason of the facts disclosed by the papers in the file-wrapper in evidence, it is sufficient, I think, to say that the defendant's plow is not organized so as to secure this central or pivotal position for the point of the plow, the point of the plow being several inches to the right of the center of the axle, and not in the center of a circle drawn from the axle to the pivot of the caster wheel, and hence does not, in my estimation, infringe this claim. The bill is therefore sustained, so far as the alleged infringement of the sixth, ninth, tenth, and twelfth claims is concerned, and dismissed so far as the alleged infringement of the fourteenth claim is charged.